IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Chimaroke Victor Eleazu, ) | C/A No.: 3:20-2576-JMC-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT AND |
| ) | RECOMMENDATION AND |
| Director US Army Network ) | ORDER |
| Enterprise Center, Natick, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Chimaroke Victor Eleazu ("Plaintiff"), proceeding pro se, filed this complaint against the Director of the United States Army Network Enterprise Center located in Natick, Massachusetts ("Defendant"), alleging a hostile work environment, harassment, and wrongful termination of his employment. Plaintiff's claims are brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"), the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq. ("ADA"), the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. ("ADEA"), and 42 U.S.C. § 1981. [ECF No. 1 at 3].

This matter comes before the court on Defendant's motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(3) and 12(b)(6). [ECF No. 12]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the motion to dismiss procedures and the possible

consequences if he failed to respond adequately to Defendant's motion. [ECF No. 14]. Defendant's motion having been fully briefed [*see* ECF Nos. 16, 18], this matter is ripe for disposition. Also before the court is Plaintiff's motion for issuance of subpoena [ECF No. 17] and Defendant's motion to stay discovery pending resolution of the motion to dismiss. [ECF No. 19].

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), this matter has been assigned to the undersigned for all pretrial proceedings. Having carefully considered the parties' submissions and the record in this case, the undersigned grants Defendant's motion to stay, holds Plaintiff's motion for issuance of subpoenas in abeyance until the district judge rules on this report and recommendation, and recommends the district judge grant Defendant's motion to dismiss.

I.   Factual and Procedural Background

Plaintiff alleges that all the events that led to his claims occurred in Essex County, Massachusetts. [ECF No. 1 at 2]. Plaintiff alleges prior to October 7, 2014, he had a "perfect work relationship" at his workplace and had "no complaint." *Id.* Thereafter, "[t]he harassment started and continued after [a] co-worker went on a loud rant in the office about a murder case in Danvers, Ma," and this harassment continued until July 22, 2015, when Defendant terminated Plaintiff's employment. *Id.*

2

> Plaintiff alleges the complained-of harassment included:
>
> stereotype jokes, ridicule, put-downs, interference with work performance, name calling, verbal and nonverbal abusive behaviors, fears and concerns resulting from death threatening statement from co-workers directed at me remained unresolved after promises from management to resolve it.

*Id.* at 3. He alleges he was "unable to secure any kind of grantee of my personal safety at work or any assurance from management that the continue harassment would stop." *Id.*

Plaintiff contacted an Equal Employment Opportunity ("EEO") official concerning his claims on October 29, 2014. [ECF No. 12-3 at 3; *see also* ECF No. 16 at 20–21].[1] He received notice on December 5, 2014, following "the absence of [his] response to fact-finding questions" and "extensions request

---

[1] Courts generally do not consider matters outside the pleadings when ruling on a motion to dismiss. *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004). However, a court may consider documents outside the pleadings without converting a motion to dismiss into one for summary judgment if those documents are "integral to and explicitly relied on in the complaint" and their authenticity is unchallenged. *Copeland v. Bieber*, 789 F.3d 484, 490 (4th Cir. 2015). "In the employment context, a court may consider an EEOC charge and other EEOC documentation [when considering a motion to dismiss] because such documents are integral to the complaint as Plaintiff necessarily relies on these documents to satisfy the time limit requirements of the statutory scheme." *Pierce v. Office Depot, Inc.*, C/A No. 0:13-3601-MGL, 2014 WL 6473630, at *5 (D.S.C. Nov. 18, 2014) (citing *Williams v. 1199 Seiu United Healthcare Workers East*, C/A No. 12–72, 2012 WL 2923164 at * 1 n. 1 (D. Md. July 17, 2012)); *see also Adams v. 3D Sys., Inc.*, C/A No. 019-00663-JMC-KDW, 2019 WL 8754875, at *2 (D.S.C. Nov. 26, 2019), report and recommendation adopted, C/A No. 0:19-00663-JMC, 2020 WL 1527056 (D.S.C. Mar. 31, 2020) (same).

form," informing him of his right to file a formal complaint of discrimination within 15 calendar days of receipt of the notice. [ECF No. 12-2 at 1, 5].

Plaintiff seeks "monetary relief to cover" losses occurring during the year at issue, including "pain and suffering" and "lost wages (employment), ability to care for my family including paying my monthly mortgage, credit cards and other bills, bad credit reporting, cost of legal representation, borrowed money from parents, inconvenience, loss of enjoyment of life, used most of my personal retirement accounts." [ECF No. 1 at 3–4].

II.  Discussion

   A.  Standard on Motion to Dismiss

Under Rule 12(b)(3), a defendant may move to dismiss an action as brought in an improper venue. A plaintiff need "make only a prima facie showing of proper venue in order to survive a motion to dismiss." *Aggarao v. MOL Ship Mgmt. Co.*, 675 F.3d 355, 365–66 (4th Cir. 2012) (citation omitted). In determining whether a plaintiff has met this standard, "the court is permitted to consider evidence outside the pleadings." *Id.* (citing *Sucampo Pharms., Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 550 (4th Cir. 2006)). The court should "view the facts in the light most favorable to the plaintiff." *Id.* at 366 (citing *Glob. Seafood Inc. v. Bantry Bay Mussels, Ltd.*, 659 F.3d 221, 224 (2d Cir. 2011)).

A motion to dismiss under Rule 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243–44 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ). The court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards*, 178 F.3d at 244. Indeed, "[t]he presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion." *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the

5

pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.   Analysis

As a preliminary matter, the undersigned addresses the claims at issue. Plaintiff purports to bring this action pursuant to Title VII, the ADA, the ADEA, and 42 U.S.C. § 1981. [ECF No. 1 at 3]. In response to Defendant's motion to dismiss, [*see* ECF No. 16 at 1–2, 5], Plaintiff appears to abandon any claims brought pursuant to the ADA and the ADEA. *See Coker v. International Paper Co.*, C/A No. 08-1865, 2010 WL 1072643, at * 2 (D.S.C. Mar. 18, 2010) (noting that plaintiff can abandon claims by failing to address them in response to a dispositive motion).[2]

---

[2] In his response, Plaintiff states he is asserting claims pursuant to 42 U.S.C. § 1983 and additionally references *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), although it is unclear if he seeks to bring claims pursuant to the latter. To the extent Plaintiff seeks to bring these claims, he cannot amend his pleadings in a response to Defendant's motion to dismiss. *See Sadler v. Pella Corp.*, 146 F. Supp. 3d 734, 759 n. 13 (D.S.C. 2015) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (citations omitted); *see also, e.g., Tun-Cos v. Perrotte*, 922 F.3d 514, 520 (4th Cir. 2019) ("§ 1983 does not provide a cause of action against *federal* officials") (emphasis in original).

First, Plaintiff cannot bring a claim pursuant to § 1981 in this instance. *See Middlebrooks v. Leavitt*, 525 F.3d 341, 349 (4th Cir. 2008) ("[Section 1981] does not, however, provide a remedy against federal officials")).[3] Second, the Rehabilitation Act, 29 U.S.C. § 701 et seq. ("Rehabilitation Act"), rather than the ADA, is the statute upon which a federal employee can raise a disability discrimination claim. *See Hatcher v. Wilkie*, C/A No. 3:17-2535-JMC-PJG, 2019 WL 2090810, at *5 (D.S.C. Feb. 27, 2019) (collecting cases).

Out of an abundance of caution, the undersigned will address Plaintiff's claims as having been brought pursuant to Title VII, the Rehabilitation Act, and the ADEA.

    1.    Proper Venue

Defendant argues venue is appropriate in Massachusetts, not South Carolina.[4] Venue for a Title VII claim is governed by a specific statutory

---

[3] The court may take judicial notice of the fact that Plaintiff, Defendant, and the Secretary of the Army, the proper defendant as argued by Defendant and as discussed more below, are federal employees. *See, e.g., Hooranian v. Anderson*, C/A No. 10-6286-VBF MAN, 2011 WL 717158, at *3 (C.D. Cal. Feb. 4, 2011), report and recommendation adopted sub nom. *Haroonian v. Anderson*, C/A No. 10-6286-VBF MAN, 2011 WL 717651 (C.D. Cal. Feb. 21, 2011) ("Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the fact that . . . both men are federal employees.").

[4] Plaintiff invokes Fed. R. Civ. P. 12(g), [ECF No. 16 at 18], which provides generally that a party must make all its Rule 12 motions at once. *See* Fed. R. Civ. P. 12(g). Plaintiff fails to argue, and the court cannot discern, however, how Defendant's instant motion, his first substantive filing before the court, is inconsistent with this rule.

provision under which venue is proper in any of three judicial districts where: (1) "the unlawful employment practice is alleged to have been committed," (2) "the employment records relevant to such a practice are maintained and administered," or (3) "the aggrieved person would have worked but for the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(f)(3). When a defendant cannot be brought to court under any of these three situations, the proper venue is the location of the defendant's principal office. *Id.* "[T]he Title VII venue provision also applies to actions brought under the Rehabilitation Act." *Archuleta v. Sullivan*, No. 9102029, 1991 WL 179071, at *3 n.3 (4th Cir. Sept. 13, 1991) (citing 29 U.S.C. § 794a(a)(1)).

The complaint establishes Massachusetts is the appropriate venue for Plaintiff's Title VII and Rehabilitation Act claims. Considering the first prong of the test set forth in Title VII, Plaintiff pleads that the allegedly unlawful employment practices took place in Middlesex County, Massachusetts. [ECF No. 1 at 2]. Plaintiff's allegations do not address either the second or third prongs, although he appears to indicate that he would have continued to be employed at the Natick, Massachusetts, location but for the discrimination and harassment.[5]

---

[5] As stated above, when a defendant cannot be brought to court under any of the three prongs set forth in Title VII, the proper venue is the location of the defendant's principal office. 42 U.S.C. § 2000e-5(f)(3). Here, because venue is

Plaintiff pleads he currently resides in the District of South Carolina and appears to argue venue is proper here for this reason. [ECF No. 1 at 1, ECF No. 16 at 18]. However, Plaintiff's residence is not a basis for venue under Title VII's specific venue provision or under the Rehabilitation Act. *Benton v. England*, 222 F. Supp.2d 728, 731 (D. Md. 2002) (holding "plaintiff's place of residence is not one of the three options for venue provided for by 42 U.S.C. § 2000e-5(f)(3)"). Plaintiff's pleading does not demonstrate venue is proper in the District of South Carolina on any of the first three prongs of the test set forth at 42 U.S.C. § 2000e-5(f)(3). By the terms of his own pleading, the District of Massachusetts is the proper venue under Title VII and the Rehabilitation Act.

Next, Plaintiff's claims under the ADEA are governed by the general venue provision of 28 U.S.C. § 1391(e). *See e.g., Rebar v. Marsh*, 959 F.2d 216, 219 (11th Cir. 1992). Under Section 1391(e)(1), "[a] civil action in which a defendant is . . . an agency of the United States . . . may, except as otherwise provided by law, be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject

---

proper in the District of Massachusetts under one or more of the first three prongs, the court need not consider the location of Defendant's principal office. Additionally, even if the court did consider this location, the complaint fails to allege that Defendant's principal office is located in the District of South Carolina.

9

of the action is situated, or (C) the plaintiff resides if no real property is involved in the action." Thus, Plaintiff could bring an ADEA claim in the District of South Carolina based upon his alleged residence in South Carolina.

Because venue is proper as to Plaintiff's ADEA claim, but not his Title VII and Rehabilitation Act claims, the issue of pendent venue arises. As stated by this court:

> Although courts have traditionally held that venue must be appropriate for each claim, a court may, in its discretion, hear claims as to which venue is lacking if those claims arise out of the same common nucleus of operative fact as other claims to which venue is proper . . . . This doctrine has been applied to assert venue over pendent state law claims *or another federal claim* after venue has been established as to the principal federal law claim, so long as all of the claims arise from the same nucleus of operative fact.

*See, e.g.*, *Flexible Techs., Inc. v. SharkNinja Operating LLC*, C/A No. 8:17-00117-DCC, 2018 WL 1175043, at *7 (D.S.C. Feb. 14, 2018) (emphasis added), report and recommendation adopted, C/A No. 8:17-00117-DCC, 2018 WL 1158425 (D.S.C. Mar. 5, 2018).

It does not appear the Fourth Circuit has addressed the issue of the application of pendent venue of another federal claim, and the few courts in this district that have addressed this issue have recognized that "courts in other circuits have generally taken one of two approaches." *Lengacher v. Reno*, 75 F. Supp. 2d 515, 518–19 (E.D. Va. 1999). "First, some courts have held that when one claim is subject to a specific venue provision, and the other is not,

the more specific venue provision controls." *Id.* at 519 (citing *Trujillo v. Total Bus. Sys., Inc.*, 704 F. Supp. 1031, 1032 (D. Colo. 1989)); *see also Dehaemers v. Wynne*, 522 F. Supp. 2d 240, 249 (D.D.C. 2007). "Other courts . . . determine which of the two or more claims in the complaint is the 'primary' claim, and apply the venue statute applicable to that claim to all the claims." *Id.* (citing *Hayes v. RCA Serv. Co.*, 546 F. Supp. 661, 664 (D.D.C. 1982)); *see also Cold Spring Lab. v. Ropes & Gray LLP*, 762 F. Supp. 2d 543, 552 (E.D.N.Y. 2011); Charles Alan Wright et al., Venue Issues Raised by Assertion of Multiple Claims, Including Exercise of "Pendent Venue," 14D Fed. Prac. & Proc. Juris. § 3808 (4th ed. 2017) (recognizing these two approaches and noting "courts have also shown concern about overriding the special venue provisions that apply to Title VII discrimination actions.").

Here, under either approach, the exercise of pendent venue in the District of South Carolina is not appropriate. Under the first approach, pendent venue is not appropriate because Title VII and the Rehabilitation Act's venue provision is the more specific, and under this provision, venue is proper only in Massachusetts. Pendent venue is also inappropriate under the second approach because Plaintiff's Title VII claim is his primary claim, based both on his complaint and response to Defendant's motion to dismiss, particularly

in that he appears to have abandoned his claim brought pursuant to the ADEA. [*See* ECF Nos. 1, 16].

Accordingly, the undersigned recommends the district judge decline to exercise pendent venue jurisdiction over Plaintiff's Title VII and Rehabilitation Act claims. Additionally, because of the other deficiencies in the complaint, as discussed below, the undersigned further recommends transfer to a proper venue would not be "in the interest of justice" and Plaintiff's case should be dismissed in its entirety.[6]

2. Failure to Exhaust Administrative Remedies

Prior to filing a lawsuit alleging violations of Title VII, the Rehabilitation Act (or the ADA), and the ADEA, a plaintiff must first exhaust his administrative remedies. *See Monroe v. Brawo USA, Inc.*, C/A No. 6:19-2268-HMH-KFM, 2019 WL 5790826, at *3 (D.S.C. Oct. 9, 2019), report and recommendation adopted, C/A No. 6:19-2268-HMH-KFM, 2019 WL 5784989 (D.S.C. Nov. 6, 2019) (Title VII); *Dawson v. Shinseki*, C/A No. 3:11-700-MBS-SVH, 2012 WL 909757, at *9 (D.S.C. Jan. 13, 2012), report and recommendation adopted, C/A No. 3:11-700-MBS, 2012 WL 909665 (D.S.C. Mar. 16, 2012) (Title VII, Rehabilitation Act, and ADEA); *Sydnor v. Fairfax*

---

[6] 28 U.S.C. § 1406 directs courts to dismiss actions filed in the improper venue, but allows a court to transfer a case to a proper venue "in the interest of justice."

*Cty.*, VA, 681 F.3d 591, 593 (4th Cir. 2012) (ADA); *Kramer v. Omnicare ESC, LLC*, 307 F.R.D. 459, 464 (D.S.C. 2015) (Title VII and ADEA).[7]

An employee "must initiate contact with [an EEO] Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the date of the action." 29 C.F.R. § 1614.105(a)(1). At the conclusion of this pre-complaint process, the employee receives a notice after which a "complaint must be filed with the agency that allegedly discriminated against the complainant" within 15 days. 29 C.F.R. 1614.106(a), (b). "Only those discrimination claims stated in the administrative charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent [discrimination] lawsuit." *Taylor v. Va. Union Univ.*, 193 F.3d 219, 239 (4th Cir. 1999) (citing *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 963 (4th Cir. 1996)).

The Supreme Court recently held Title VII's administrative exhaustion requirements are not jurisdictional. *Fort Bend Cty. v. Davis*, 139 S. Ct. 1843,

---

[7] Under the ADEA, a claimant may also proceed directly with a civil suit but must give "not less than 30 days' notice of the intent to file such an action" to the EEO Commission. 29 C.F.R. § 1614.201(a). In addition, this notice must be given "within 180 days of the occurrence of the alleged unlawful practice." *Id.* Here, this option is not implicated. Plaintiff began the process of pursing administrative remedies with the EEO. [ECF No. 16 at 20–21; *see also* ECF No. 12-3].

1846 (2019). Therefore, a plaintiff's failure to exhaust his administrative remedies before filing suit does not itself prevent the court from hearing the case. However, exhaustion is a "claim-processing rule," and it is "'mandatory' in the sense that a court must enforce the rule if a party 'properly raises it.'" *Id.* (quoting *Eberhart v. United States*, 546 U.S. 12, 19 (2005)). Thus, while a defendant may waive arguments related to administrative exhaustion, if asserted in a timely fashion, such objections may warrant dismissal under Rule 12(b)(6). *See Stewart v. Iancu*, 912 F.3d 693, 701–02 (4th Cir. 2019) (holding that Title VII's mandatory 180-day waiting period requirement is a mandatory claim-processing rule and further considering whether dismissal was appropriate under Rule 12(b)(6) for plaintiff's alleged failure to adhere to the rule); *Wise v. Piedmont/Am. Airlines*, C/A No. 3:20-1030-MBS, 2020 WL 5697844, at *3 (D.S.C. Sept. 24, 2020) (dismissing Title VII claim, holding "[t]he failure to file a timely charge with the EEOC bars the claim in federal court") (citing *McCullough v. Branch Banking & Trust Co.*, 35 F.3d 127, 131 (4th Cir. 1994)).

Defendant argues Plaintiff did not file a formal complaint of discrimination after receiving his notice of his right to do so, and, therefore, he abandoned the EEO process and failed to exhaust administrative remedies for his claims. [ECF No. 12 at 9]. Plaintiff apparently concedes he failed to exhaust

his administrative remedies, arguing, however, that he is not required to exhaust administrative remedies pursuant to 42 U.S.C. § 1983 and that he filed a "complaint" with the EEO, presumably referencing his initial contact with the EEO office, but this "complaint," and other complaints he filed, "were of no help in resolving these issues." [ECF No. 16 at 19–21].

As stated above, Plaintiff cannot bring a claim pursuant to 42 U.S.C. § 1983. Because Plaintiff has failed to exhaust his administrative remedies, his Title VII, Rehabilitation Act, and ADEA claims are barred. Additionally, while exhaustion is a "claim-processing rule" subject to equitable tolling, *see Fort Bend Cty.*, 139 S. Ct. at 1846; *see also Raplee v. United States*, 842 F.3d 328, 331 (4th Cir. 2016), Plaintiff alleges no basis on which the court might find his failure to exhaust is subject to tolling.

Accordingly, the undersigned recommends Plaintiff's claims be dismissed for failure to exhaust his administrative remedies.

### 3. Proper Defendant

A current or former federal employee may only bring Title VII, Rehabilitation Act, and ADEA claims against the head of the federal department or agency. *Gardner v. Gartman*, 880 F.2d 797, 798 (4th Cir. 1989) (abrogated on other grounds) (citing 42 U.S.C. § 2000e-16(c) and holding that the plaintiff was required file her Title VII suit against the Secretary of the

Navy); *Williams v. Virginia Nat. Guard Bureau*, No. 90-2633, 1990 WL 135860, at *1 (4th Cir. Sept. 21, 1990) ("[A] plaintiff filing an ADEA complaint against a governmental agency . . . must name the head of the department, agency or unit as appropriate."); *Moore v. Ozmint*, C/A No. 3:10-3041-RBH-JRM, 2012 WL 762460, at *13 (D.S.C. Feb. 16, 2012) (noting agency head is only proper defendant under Rehabilitation Act) (citations omitted).

Here, Plaintiff has named the Director of the U.S. Army Network Enterprise Center. As argued by Defendant, and not addressed by Plaintiff, the proper defendant for the relevant claims is the Secretary of the Army. [*See* ECF No. 16 at 19]. Accordingly, the undersigned recommends Plaintiff's claims be dismissed for the additional reason for failure to name the proper defendant.

4.   Failure to State a Claim

Plaintiff's complaint does not state a plausible claim for relief under Title VII, the Rehabilitation Act, or the ADEA. Title VII prohibits federal government employers from taking any personnel actions affecting employees "based on race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). The Rehabilitation Act prohibits federal agencies from discriminating against employees on the basis of disability. *Hannah P. v. Coats*, 916 F.3d 327, 336 (4th Cir. 2019) (citing 29 U.S.C. § 794). The ADEA "prohibits employers from refusing to hire, discharging, or otherwise discriminating against any

person who is at least 40 years of age because of the person's age." *Tickles v. Johnson*, 805 F. App'x 204, 206–07 (4th Cir. 2020) (citations omitted).

Here, Plaintiff has not alleged which, if any, protected statuses he claims under Title VII. He also has not alleged he is disabled or that he is 40 years old or older and, as stated above, appears to have abandoned any claims arising under the Rehabilitation Act or the ADEA. He has not alleged Defendant discriminated against him or that he was harassed due to a protected status, his age, or because of a disability, beyond stating, without elaboration, that he was subjected to "stereotype jokes." [ECF No. 1 at 3].

Additionally, to the extent Plaintiff is alleging he was removed from federal service in violation of Title VII, the Rehabilitation Act, or the ADEA, [*see, e.g.*, ECF No. 1 at 2, ECF No. 16 at 3], documentation provided by Plaintiff states that although a notice of proposed removal was provided to him, to which he responded, no removal occurred in that "effective August 10, 2015, [Plaintiff] accepted an appointment to a position with another agency." [ECF No. 16-1 at 18–29].[8]

---

[8] As stated above, courts generally do not consider matters outside the pleadings when ruling on a motion to dismiss. As held by the Fourth Circuit, however, "a court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint so long as the authenticity of these documents is not disputed." *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396 (4th Cir. 2006) (citations omitted). Here, Plaintiff has both referenced removal from federal service in his complaint but also

17

Accordingly, the undersigned recommends dismissal of Plaintiff's claims for the additional reason for failure to state a claim.[9]

### 5. Remaining Motions

In light of the recommendation provided, the undersigned grants Defendant's motion to stay discovery pending the resolution of Defendant's motion to dismiss. [ECF No. 19]. The court has discretion to stay discovery where a dispositive motion may resolve all claims against a defendant and render discovery unnecessary. *See* Local Civ. Rule 16.00(C) (D.S.C.), Fed. R. Civ. P. 16 and 26(c). The undersigned therefore holds in abeyance Plaintiff's motion for issuance of subpoenas until the district judge rules on this report and recommendation. [ECF No. 17].

---

submitted to the court documentation stating he was not removed from federal service. Plaintiff does not address this apparent inconsistency nor challenge the authenticity of the documents he has submitted.

[9] In response to Defendant's motion to dismiss, Plaintiff discusses and submits documentation concerning internal investigations that took place at his workplace regarding his allegations of discrimination and harassment that somewhat clarifies what Plaintiff may be attempting to allege in the instant suit. [*See, e.g.,* ECF No. 16 at 3, 7, ECF No. 16-1 at 1–2, 6–29]. However, as stated above, Plaintiff cannot amend his pleadings in a response to Defendant's motion to dismiss. Additionally, even taking into account this information, it is still not clear what claims Plaintiff seeks to advance in this suit and on what bases. *See, e.g., Anderson v. Higgans*, C/A No. 3:08-3654-RBH, 2008 WL 5378219, at *3 (D.S.C. Dec. 18, 2008) ("This Court is not required to develop tangential claims from scant assertions in the complaint.") (citing *Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir. 1985)).

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned grants Defendant's motion to stay [ECF No. 19], holds Plaintiff's motion for issuance of subpoena in abeyance [ECF No. 17], and recommends the district judge grant Defendant's motion to dismiss [ECF No. 12]. Should the district judge agree with this recommendation, Plaintiff's motion for issuance of subpoena will be rendered moot.

IT IS SO ORDERED AND RECOMMENDED.

November 23, 2020                               Shiva V. Hodges
Columbia, South Carolina                        United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).