IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Chimaroke Victor Eleazu, ) | |
| ) | Civil Action No.: 3:20-cv-02576-JMC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| United States Army Network Enterprise ) | |
| Center - Natick, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

    Plaintiff Chimaroke Victor Eleazu ("Plaintiff"), proceeding *pro se*, filed an action alleging employment discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq*, the Age Discrimination in Employment Act ("ADEA"), the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 1981(a)-(b). (ECF No. 1 at 3.) The matter before the court is a review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 20) filed on November 23, 2020, recommending this court grant Defendant's Motion to Dismiss (ECF No. 12), which would render Plaintiff's Motion for Issuance of Subpoena (ECF No. 17) moot.

    For the reasons below, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 20) **GRANTS** Defendant's Motion to Dismiss (ECF No. 12) and **DISMISSES** Plaintiff's Complaint without prejudice.[1]

## I.    FACTUAL AND PROCEDURAL BACKGROUND

---

[1] Plaintiff's Motion for Issuance of Subpoena (ECF No. 17) is hereby denied as moot.

1

The Report sets forth the relevant facts and legal standards which the court incorporates herein without full recitation. (ECF No. 20 at 1-4.) On July 10, 2020, Plaintiff filed a Complaint (ECF No. 1) against the Director of the U.S. Army Network Enterprise Center in Natick, Massachusetts, claiming employment discrimination and violations of the ADA, ADEA and § 1981. Specifically, Plaintiff claimed he was continually harassed at his workplace until his employment was wrongfully terminated. (*Id*. at 1.) Plaintiff notes the events leading up to his termination began "after a co-worker went on a loud rant in the office about a murder case in Danvers, M[assachusetts]" on October 7, 2014. (*Id*. at 2.) Thereafter, he claims he was subjected to "stereotype jokes, ridicule, put-downs, interference with work performance, name-calling, verbal and nonverbal abus[e], . . . and death threat[s] from co-workers." (*Id*. at 3.) Plaintiff claims his managers failed to address the continued harassment, even after they promised to resolve it. (*Id*.) This took a physical and psychological toll on Plaintiff's health and affected his ability to perform his job. (*Id*.) In time, the alleged harassment forced him to "stay out" of the abusive work environment. (*Id*.) Plaintiff claims his employment was terminated on July 22, 2015 (*Id*. at 2), costing him lost wages and legal fees (*Id*. at 3). Now, Plaintiff seeks monetary relief to cover lost wages, pain and suffering, legal expenses, and more. (ECF No. 1 at 3, 4.)

Plaintiff contacted the Equal Employment Opportunity Commission regarding this claim on October 31, 2014, alleging he was discriminated against on the basis of National Origin, Race, reprisal, and harassment. (ECF No. 12-3 at 3.)[2] But after Plaintiff failed to respond to the EEO

---

[2] Courts generally do not consider matters outside the pleadings when ruling on a motion to dismiss. *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004). However, a court may consider documents outside the pleadings without converting a motion to dismiss into one for summary judgment if those documents are "integral to and explicitly relied on in the complaint" and their authenticity is unchallenged. *Copeland v. Bieber*, 789 F.3d 484, 490 (4th Cir. 2015). "In the employment context, a court may consider an EEOC charge and other EEOC documentation [when considering a motion to dismiss] because such documents are integral to the complaint as Plaintiff necessarily relies on these documents to satisfy the time limit

Officer's "fact-finding questions" and an extension form sent as part of the pre-complaint process, he was informed of his "right to file a formal complaint of discrimination within 15 calendar days," or by December 20, 2020. (*Id*.)

On September 15, 2020, Defendant filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(3) and 12(b)(6). (ECF No. 12.) Defendant argues Plaintiff's Complaint must be dismissed on four separate grounds: (1) the District of South Carolina is not the proper venue, (2) the Director of the U.S. Army Network Enterprise Center in Natick is not the proper defendant, (3) Plaintiff failed to exhaust his administrative remedies, and (4) Plaintiff's Complaint fails to meet the pleading standards set forth in Rule 8(a) and fails to state a claim for relief under Rule 12(b)(6). (*Id*. at 1.) In addition, Defendant contends Plaintiff was never "removed from his federal employment." (*Id*. at 2, n.4.) Instead, Defendant alleges a Notice of Proposed Removal was filed by Plaintiff's employer and contested by Plaintiff, but no decision was ever reached on the merits of the Notice because "Plaintiff accepted an appointment to a position with another agency." (*Id*.)

The Magistrate Judge issued a *Roseboro* Order on September 15, 2020, explaining the nature of a motion to dismiss and warning Plaintiff that his failure to respond to Defendant's Motion within 31 days, or by October 19, 2021, could result in the dismissal of his case. (ECF No. 14 at 1.) Plaintiff filed a response on October 13, 2020, largely reiterating the facts stated in

---

requirements of the statutory scheme." *Pierce v. Office Depot, Inc.*, C/A No. 0:13-3601-MGL, 2014 WL 6473630, at *5 (D.S.C. Nov. 18, 2014) (citing *Williams v. 1199 Seiu United Healthcare Workers East*, C/A No. 12–72, 2012 WL 2923164 at * 1 n. 1 (D. Md. July 17, 2012)); *see also Adams v. 3D Sys., Inc.*, C/A No. 019-00663-JMC-KDW, 2019 WL 8754875, at *2 (D.S.C. Nov. 26, 2019), *report and recommendation adopted*, C/A No. 0:19-00663-JMC, 2020 WL 1527056 (D.S.C. Mar. 31, 2020) (same).

his original Complaint. (ECF No. 16.)[3] Defendant filed a Reply on October 20, 2020. (ECF No. 18.)

On October 13, 2020, Plaintiff also filed a Motion for Issuance of Subpoena to Newton-Wellesley Hospital, Nicholas M. Satriano, and the Board of Registration in Medicine. (ECF No. 17.) In response, Defendant filed a motion to stay discovery pending the court's "resolution of Defendant's motion to dismiss." (ECF No. 19.)

The Magistrate Judge issued the Report on November 23, 2020 recommending that the court grant Defendant's Motion to Dismiss. (ECF No. 20 at 19.) The Report notified both parties of their right to object to its findings. (*Id*. at 20.) Plaintiff filed an Objection to the Report on December 4, 2020 (ECF No. 23), to which Defendant filed a Reply (ECF No. 24). Defendant did not file a separate objection.

## II.     LEGAL STANDARD

### A. Review of Magistrate Judge's Report

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *See*

---

[3] Plaintiff enclosed several documents with his response, including "DA Form 2823," which documents "potential criminal activity involving the U.S. Army (ECF No. 16-1 at 6-11), correspondence with supervisory personnel and the Department of the Army Inspector General, and general communication regarding the Notice of Proposed Removal from Federal Service. While the documents are largely presented without context and are not referenced in Plaintiff's Complaint, they appear to contain Plaintiff's allegations concerning instances of racial and sexual harassment which took place at his place of employment prior to his departure. (*Id.*)

4

*also* Fed. R. Civ. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

### B. Review of *Pro Se* Filings

The court is required to interpret *pro se* documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *See also Hardin v. United States*, C/A No. 7:12–cv–0118–GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012). Additionally, *pro se* documents must be construed in a favorable manner, "no matter how inartfully pleaded, to see whether they could provide a basis for relief." *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. Aug. 12, 1997). Although *pro se* documents are liberally construed by federal courts, "[t]he 'special judicial solicitude' with which a district court should view *pro se* complaints does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

### C. Motion to Dismiss under Rule 12(b)(3)

To grant a motion under Rule 12(b)(3), the court must find that venue is improper. *See* Fed. R. Civ. P. 12(b)(3). "'When a defendant objects to venue under Rule 12(b)(3), the plaintiff bears the burden of establishing that venue is proper.'" *Ameristone Tile, LLC v. Ceramic Consulting Corp., Inc.*, 966 F.Supp.2d 604, 616 (D.S.C. 2013) (brackets omitted) (quoting *Butler v. Ford Motor Co.*, 724 F.Supp.2d 575, 586 (D.S.C. 2010)). However, the plaintiff is obliged "to

5

make only a *prima facie* showing of proper venue in order to survive a motion to dismiss." *Aggarao v. MOL Ship Mgmt. Co., Ltd.*, 675 F.3d 355, 366 (4th Cir. 2012) (citing *Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004)). "In assessing whether there has been a *prima facie* venue showing, [the court] view[s] the facts in the light most favorable to the plaintiff." *Id*. (citing *Global Seafood Inc. v. Bantry Bay Mussels Ltd.*, 659 F.3d 221, 224 (2d Cir. 2011)).

Moreover, "[o]n a motion to dismiss under Rule 12(b)(3), the court is permitted to consider evidence outside the pleadings." *Id*. at 365-66 (citing *Sucampo Pharm., Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 550 (4th Cir. 2006)).

A case filed in an improper venue must be dismissed, or, if in the interests of justice, transferred to a district in which it could have been brought. 28 U.S.C. § 1406(a). Under the general venue statute, a civil action may be brought, and venue is proper, in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Title VII claims, on the other hand, are governed by a specific venue statute. Under 42 U.S.C. § 2000e-5(f)(3), venue is proper in (1) "any judicial district in the State in which the unlawful employment practice is alleged to have been committed," (2) "in the judicial district in which the employment records relevant to such practice are maintained and administered," or (3) "in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice." However, "if the respondent is not found within any such district,

such an action may be brought within the judicial district in which the respondent has his principal office." *Id*.

Because "the Rehabilitation Act expressly adopts the 'remedies, procedures and rights' available under Title VII," the specific venue statute also applies to causes of actions under the Rehabilitation Act. *Lengacher v. Reno*, 75 F. Supp. 2d 515, 518 (E.D. Va. 1999) (citing 29 U.S.C. § 794a(a)(1); *Archuleta v. Sullivan,* 725 F.Supp. 602, 604 (D.D.C.1989)).

### D. Motion to Dismiss under Rule 12(b)(6)

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); *see also Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

A Rule 12(b)(6) motion "should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (*citing Twombly*, 550 U.S. at 556). Courts commonly refer to this as the *Twombly/Iqbal* standard for federal pleadings, which a plaintiff needs to overcome to survive a Rule 12(b)(6) dismissal. *Brown-Thomas v. Hynie*, 412 F. Supp. 3d 600, 605 (D.C. 2019).

### III.     ANALYSIS

**A. The Magistrate Judge's Report**

The Magistrate Judge's Report considered Plaintiff's claims under Title VII and the Rehabilitation Act,[4] and determined the Complaint "establishes Massachusetts as the appropriate venue for these claims. (ECF No. 20 at 8.) Because the ADEA claim, however, is controlled by the general venue provision of 28 U.S.C. §1391(e), which permits venue in the state of Plaintiff's residence, the Magistrate Judge considered whether pendent venue applies. (*Id*. at 10.) The Magistrate Judge analyzed the applicability of the pendent venue principle under two approaches and determined neither would establish South Carolina as the proper venue for Plaintiff's claims. (*Id*. at 11-12.) Therefore, the Magistrate Judge recommended this court decline to exercise pendent jurisdiction over Plaintiff's Title VII and Rehabilitation Act claims. (*Id*. at 12.)

The Report also recommended this court dismiss Plaintiff's complaint for failure to exhaust administrative remedies. Recognizing "Title VII's administrative exhaustion requirements are not jurisdictional," *Fort Bend Cty. v. Davis*, 139 S. Ct. 1843, 1846 (2019), the Magistrate Judge noted that they can still warrant dismissal of a complaint under Rule 12(b)(6) when timely raised by a defendant. (ECF No. 20 at 14.) Defendant's Motion to Dismiss properly raised Plaintiff's failure to exhaust administrative remedies (ECF No. 12 at 9), which Plaintiff did not dispute in his Response (ECF No. 16 at 19-21).[5] Therefore, the Magistrate Judge concluded Plaintiff's Complaint must be dismissed for failure to exhaust his administrative remedies.

---

[4] The Report explains that federal employees must raise disability discrimination claims under the Rehabilitation Act, 29 U.S.C. § 701 *et seq*., rather than the ADA. (ECF No. 20 at 7 (citing *Hatcher v. Wilkie*, C/A No. 3:17-cv-2535-JMC, 2019 WL 2090810, at *5 (D.S.C. Feb. 27, 2019).)

[5] Plaintiff instead tried to argue he is not required to exhaust administrative remedies for claims brought under 42 U.S.C. § 1983. (ECF No. 16 at 19-21.) As discussed below, however, Plaintiff cannot add a new § 1983 claim to his complaint by alleging them, for the first time, in his Response to Defendant's Motion to Dismiss.

In addition, the Report determined Plaintiff's Complaint failed to name the right defendant, because Title VII, Rehabilitation Act, and ADEA claims must be brought only against the head of the federal department or agency. (ECF No. 20 at 15 (citing *Gardner v. Gartman*, 880 F.2d 797, 798 (4th Cir. 1989) (*abrogated on other grounds*); *Williams v. Virginia Nat. Guard Bureau*, No. 90-2633, 1990 WL 135860, at *1 (4th Cir. Sept. 21, 1990); *Williams v. Virginia Nat. Guard Bureau*, No. 90-2633, 1990 WL 135860, at *1 (4th Cir. Sept. 21, 1990)).) Instead, Plaintiff names the Director of the U.S. Army Network Enterprise Center. (ECF No. 20 at 16.) As a result, the Magistrate Judge recommended Plaintiff's Complaint be dismissed for failure to name the proper defendant. (*Id*.)

Finally, the Magistrate Judge found that Plaintiff's Complaint failed to state a plausible claim for relief under Title VII, the Rehabilitation Act, and the ADEA. (*Id*.) For instance, Plaintiff's Complaint did not explain which protected status he claims under Title VII, nor did he describe which specific discriminatory acts form the basis of his dispute. (*Id*. at 17.) Similarly, Plaintiff's own documentation indicated he was not removed from federal service, because he accepted an appointment to a position with another agency. (*Id*.) The Magistrate Judge recognized that Plaintiff enclosed several documents to his Response to Defendant's Motion to Dismiss, which indicate the nature of his racial discrimination and sexual harassment allegations. (*Id*. at 18 n.9.) However, because Plaintiff "cannot amend his pleadings in a response to Defendant's motion to dismiss," and because the appended documents do not clarify the basis of Plaintiff's discrimination suit, the Magistrate Judge recommended Plaintiff's claims be dismissed for failure to state a claim. (*Id*.)

B. **Plaintiff's Objections**

The court carefully examined the findings of the Report and Plaintiff's Objection. Here, the court concludes that Plaintiff's Objection restates arguments adequately addressed by the

Report. Moreover, Plaintiff's Objection substantively mirrors the arguments raised in his Response to Defendant's Motion to Dismiss (ECF No. 16.) A *de novo* review is thus unnecessary because Plaintiff has "failed to guide the [c]ourt towards specific issues needing resolution[.]" *Nichols*, 100 F. Supp. 3d at 498 (holding that a claimant failed to raise specific objections when he repeated arguments raised in his initial brief). *Orpiano*, 687 F.2d at 47. In light of Plaintiff's *pro se* status however, the court will address some of these arguments below.

For example, Plaintiff reiterates that under 28 U.S.C. § 1391 and Local Civ. Rule 3.01 (D.S.C.), proper venue may lie where a plaintiff resides. As the Magistrate Judge thoroughly explained in the Report, where Congress has enacted a specific statutory venue provision for a particular cause of action, the general venue statute 28 U.S.C. §1931 does not control. (ECF No. 20 at 8.) Title VII lists four possible places where venue may lie: the district where the unlawful employment practice was committed, the district where records relating to the practice are maintained, the district where the plaintiff would have worked but for the unlawful employment practice, and if none of the previous options apply, at the defendant's principal office. *See* 42 U.S.C. § 2000e-5(f)(3). All four options establish Massachusetts as the proper venue for Plaintiff's Title VII claims. The general venue statute, which would permit Plaintiff to bring his suit in South Carolina, simply does not apply to this cause of action. Plaintiff's invocation of the local rules cannot save his argument. Federal Rule of Civil Procedure 83 permits district courts to "adopt and amend rules governing its practice." Fed. R. Civ. P. 83(a)(1). These rules, however, must be "consistent with—but not duplicate—federal statutes." They cannot supplant specific acts of Congress like the Title VII venue statute. Plaintiff's Objection does not raise the issue of pendent venue. But to the extent Plaintiff attempts to argue that the general venue statute controls in this action because his ADEA claim predominates his other claims, Plaintiff's argument does not withstand scrutiny. Plaintiff's Response makes no mention of discrimination due to age. Indeed,

the bare-bones allegations in Plaintiff's filings do not allow the court to guess the relevance of Plaintiff's age to the instant action at all. Because Plaintiff makes no cognizable claims under the ADEA, this court may not exercise pendent venue to displace the more specific statutory provision of Title VII.

Plaintiff also appears to argue Defendant did not properly consolidate his defenses as required by Rule 12(g). (*See* ECF No. 23 at 4-6 (citing Fed. R. Civ. P. 12(g).) But Plaintiff misunderstands this rule. Rule 12(g) demands a party consolidate its Rule 12 defenses in a single filing with the court. Here, Defendant has done just that. Plaintiff's rehashed objection on this ground, therefore, is without merit. (*See* ECF No. 20 at 7 n.4)

The remainder of Plaintiff's Objection challenges the Report's recommendation to dismiss his suit for failure to state a claim. Plaintiff argues "the purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint," and not to "resolve contests surrounding the facts [or] merits of a claim." (ECF No. 23 at 8 (citing *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)).) Plaintiff contends a motion to dismiss "should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his" [] claim for relief. (ECF No. 23 at 9 (citing *Harrison v. U.S. Postal Serv.*, 840 F.2d 1149, 1152 (4th Cir. 1998)).) But the law has evolved from this baseline. Plaintiff's authorities interpret the "notice pleading standard" from an earlier era, before the United States Supreme Court, in *Twombly* and *Iqbal*, began to "require more specificity from complaints in federal civil cases than was heretofore the case." *Robertson v. Sea Pines Real Est. Companies, Inc.*, 679 F.3d 278, 288 (4th Cir. 2012) (citing *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Notably, *Twombly,* to which Plaintiff's Objection itself refers (ECF No. 23 at 15), "explicitly overruled the earlier standard articulated in *Conley v. Gibson,* 355 U.S. 41, 78

11

(1957) — and repeated in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) — that 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 587 (4th Cir. 2015). Instead, *Twombly* and *Iqbal* articulated a new requirement that "a complaint must state a *plausible* claim for relief, [] rejecting a standard that would allow a complaint to 'survive a motion to dismiss whenever the pleadings left open the *possibility* that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery.'" *Id*.

Plaintiff's Complaint does not meet this standard. His allegations are largely conclusory, and he asks the court to accept the bare assertion that he experienced discrimination and harassment at his place of employment. He provides no factual context for his claims, and ultimately, "only speculation can fill the gaps in [his] complaint." *Id*. at 586. For example, Plaintiff does not explain the relevance of his "coworker's rant" concerning the local murder case (ECF No. 1 at 2) to the discriminatory treatment he alleges, nor does he indicate how he was harassed and what the alleged harassment entailed. In addition, he fails to counter Defendant's argument that he was not dismissed from Federal Service (ECF No. 16-1 at 18-29.) While Plaintiff's Complaint leaves open the *possibility* that he may have experienced unlawful discrimination and harassment, it does not provide much in the way of *plausibility*. That is what Rule 12(b)(6) demands. To the extent Plaintiff asks the court to read his Complaint together with the documents attached to his Response to Defendant's Motion to Dismiss (ECF No. 16-1), the court must limit its inquiry on a motion to dismiss to the pleadings themselves. *See Am. Chiropractic Ass'n v.*

*Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (stating the general rule does not require courts to "consider extrinsic evidence at the 12(b)(6) stage.").[6]

Plaintiff's Objection attempts to re-assert claims under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Federal Agents*, 403 U.S. 388 (1971). These claims cannot be considered because they were never properly pleaded in Plaintiff's Complaint. As the Magistrate Judge explained, Plaintiff cannot amend his Complaint in response to Defendant's Motion to Dismiss or in objection to the Magistrate Judge's Report and Recommendation. *See Mylan Lab'ys, Inc. v. Akzo, N.V.*, 770 F. Supp. 1053, 1068 (D. Md. 1991) (rejecting allegations raised, for the first time, in opposition to defendants' motion to dismiss). Plaintiff's proper remedy is to move to amend his complaint to include plausible factual allegations that support a *Bivens* claim.[7]

In addition, Plaintiff argues he did not name the improper defendant, because Fed. R. Civ. P. 12(a)(3)(B) allows actions against former officers or employees of the United States (ECF No. 23 at 18.) While it is unclear how this argument relates to Plaintiff's claims, Plaintiff appears to misunderstand the Report's findings on this issue. The Magistrate Judge concluded that under the controlling law, Plaintiff should have brought his "claims against the head of the federal department or agency" rather than the director of the branch which employed him. (ECF No. 20

---

[6] While a few documents shed some light onto Plaintiff's allegations (*See, e.g.*, ECF No. 16-1 at 6-8), the court cannot consider these documents in lieu of Plaintiff's Complaint. Doing so would require the court to draw speculative inferences and connect out-of-context events to the discrimination allegations in the Complaint.

[7] Plaintiff is advised that 42 U.S.C. § 1983 does not apply to federal officers. *See D.C. v. Carter*, 409 U.S. 418, 424–25 (1973) ("Like the Amendment upon which it is based, § 1983 is of only limited scope. The statute deals only with those deprivations of rights that are accomplished under the color of the law of 'any State or Territory'. . . . It does not reach . . . actions of the Federal Government and its officers. . ."). The Supreme Court established a cause of action against federal officials for violations of federal constitutional rights in *Bivens*. A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983. *Butz v. Economou,* 438 U.S. 478, 504 (1978).

at 15.) The issue is not *who* the Director of the U.S. Army Enterprise Center in Natick, Massachusetts is, but whether he should be sued at all. Plaintiff's objection on this ground is therefore denied.

Finally, Plaintiff objects that he was not required to exhaust his administrative remedies. (ECF No. 23 at 20.) Here, his sole argument rests on cases which interpret 42 U.S.C. § 1983. As explained, however, Plaintiff did not raise a § 1983 claim in his Complaint and cannot maintain one against the federal officers in this suit. This objection, too, is thus without merit.

The court finds the Report adequately addresses Plaintiff's Objection, is well-reasoned, and properly analyzes the issues raised by Plaintiff. *See Fray v. Berryhill*, No. 6:16-2916-TMC, 2018 WL 1224687, at *5 (D.S.C. Mar. 9, 2018) (adopting a Magistrate Judge's report in which the court concurred "with both the reasoning and the result"). Therefore, the court adopts the Report herein and overrules Plaintiff's Objection.

## IV.     CONCLUSION

For the reasons above, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 20), **GRANTS** Defendant's Motion to Dismiss (ECF No. 12), **DISMISSES** Plaintiff's Complaint (ECF No. 1) without prejudice, and **DENIES** Plaintiff's Motion for Issuance of Subpoena (ECF No. 17) as moot.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

September 21, 2021
Columbia, South Carolina